J. M. MOORE, Respondent, v. OMAHA, KANSAS CITY & EASTERN RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 5, 1900.**

**Railroads: KILLING STOCK: EVIDENCE.** Evidence reviewed and found sufficient when all taken together to send the case to the jury.

Appeal from the Grundy Circuit Court.—*Hon. P. C. Stepp,* ` Judge.

AFFIRMED.

*Hall Q. Hall* and *J. G. Trimble* for appellant.

(1) Demurrer to the evidence should have been sustained for the reason that plaintiff failed to prove that he was the owner of the cow, or that defendant operated a railroad in either Trenton or Marion townships. Whitesides v. Railroad, 49 Mo. App. 250; Gilbert v. Railroad, 23 Mo. App. 65. (2) There can be no recovery under section 2611 (1105) because the cow was not actually struck by a train. Boggs v. Railroad, 18 Mo. App. 274; Gilbert v. Railroad, 23 Mo. App. 65; Holman v. Railroad, 62 Mo. 562; Seibert v. Railroad, 72 Mo. 565; Lowry v. Railroad, 40 Mo. App. 554; Lafferty v. Railroad, 44 Mo. 291. (3) The jurisdiction of the justice must be shown by proof that stock was killed in the township of the justice or in an adjoining township. Warden v. Railroad, 78 Mo. App. 664; Jewett v. Railroad, 38 Mo. App. 48; Harris v. Railroad, 23 Mo. App. 328; Palmer v. Railroad, 21 Mo. App. 437; Whitesides v.

Railroad, 49 Mo. App. 250; Porter v. Railroad, 66 Mo. App. 623; Mitchell v. Railroad, 82 Mo. 106; King v. Railroad, 90 Mo. 520; Backenstoe v. Railroad, 86 Mo. 492.

*Harber* and *Knight* for respondent.

(1) It was proven that plaintiff was the owner of the cow and that defendant operated a railroad through Trenton and Marion townships, and appellants first point is not well taken. (2) The cow was struck by the train; couldn't have been injured as she was in any other way and appellant's second point is not well taken. (3) It was shown by plaintiff's evidence that he lived in Marion township, that Marion and Trenton townships are adjoining townships, that the railroad runs through them both. Venue may be proven by circumstantial evidence. State v. Daugherty, 106 Mo. 182; State v. Snyder, 44 Mo. App. 429; State v. Chamberlain, 89 Mo. 129 and cases cited.

GILL, J.—This is an action to recover double dàmages for the killing of one of plaintiff's cows which got upon defendant's road where the same passed through plaintiff's pasture and by reason of said right of way being unfenced. The suit was founded on section 2611, Revised Statutes 1889, and was commenced before a justice of the peace of Trenton township, the complaint alleging that the animal was run over and killed where defendant's road passes through Marion township and that said townships were adjoining. Plaintiff recovered below and defendant appealed.

The objections on this appeal relate entirely to the insufficiency of the evidence to make a case for the plaintiff. It is claimed that plaintiff failed (1) to prove that he owned the cow; (2) that defendant operated the road which passed

through Trenton and Marion townships; (3) that the cow was actually struck by a train of cars or (4) that the animal was run over or killed in the township where the suit was begun or in an adjoining township. We have carefully read the record and find these various objections not well taken. While in some respects the testimony is weak and hardly as direct as it might have been, yet when all the facts and circumstances detailed by the witnesses are considered, there appears ample proof of these several matters.

We think the appeal is without substantial merit and the judgment therefore will be affirmed. All concur.